GUNTHER, Judge.
Appellant Elaine A. Lee appeals an amended order on motion for clarification which reduces her permanent periodic alimony to $645.00 per month. We reverse.
The 1984 agreed final judgment of dissolution of marriage contained the following paragraphs:
Paragraph 5—
The Husband, beginning December 1, 1984 shall pay to the Wife as and for permanent alimony, the sum of eight-hundred sixty dollars ($860.00) per month payable on the first of every month, directly to the Wife or directly to any account the Wife may designate from time to time.
Paragraph 12—
Child support of fifty dollars ($50.00) per week shall be considered part of the eight-hundred and sixty dollar ($860.00) permanent alimony. The Wife shall not suffer a reduction of the eight-hundred and sixty dollar ($860.00) per month permanent alimony when the child is with the Husband.
The final judgment is silent as to whether the permanent periodic alimony would be reduced when the minor son reached the age of eighteen.
*228 Appellant argues that paragraph 5 of the final judgment awards her $860.00 per month as permanent periodic alimony and the child’s age has no effect on her right to receive this alimony. However, the appel-lee argues that when paragraphs 5 and 12 of the final judgment are read in conjunction the effect is to reduce his responsibility to pay permanent periodic alimony by $50.00 per week when the minor child reaches the age of eighteen.
During the hearing on the motion for clarification of the final judgment, the trial court indicated that his decision would be based solely on the transcript of the 1984 settlement conference upon which the final judgment was based. Thus, the court declined to take any testimony on the intention of the parties at the time the 1984 agreed final judgment was entered. The trial court ruled that since the son had reached the age of eighteen, the appellee’s obligation to pay alimony was decreased by $215.00 (4.3 weeks per month x $50) so that the appellee would only be obligated to pay $645.00 per month in permanent periodic alimony.
In our view the trial court reversibly erred in failing to take testimony on the intention of the parties concerning reduction of the $860 alimony obligation when the minor child reached the age of eighteen. The transcript of the settlement conference does not resolve the ambiguity created by paragraphs 5 and 12 of the final judgment, and the final judgment itself is silent as to whether the permanent periodic alimony would be reduced when the minor son reached the age of eighteen. Therefore, we hold that the trial court abused its discretion in reducing the appellant’s permanent periodic alimony without taking testimony on the intent of the parties and we reverse and remand this case for further proceedings.
REVERSED AND REMANDED.
LETTS and WALDEN, JJ., concur.